# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| In The Matter of the Search of:<br><br>A residence located at 2067 Grant Street, Dubuque, Iowa 52002, more fully described as a one-story home with grey siding, light colored brick, adjacent curtilage, black shutters, an attached garage, as well as all vehicles and other structures located on the property | No. 07-mj-90-LRR<br><br>**REPORT AND RECOMMENDATION ON MOVANT JOHN P. TOMKINS'S MOTION FOR RETURN OF SEIZED PROPERTY** |

_____

The matter before me now is a Motion for Return of Seized Property by John P. Tompkins ("Movant"), pursuant to Federal Rule of Criminal Procedure 41(g). (Doc. 26.) The Government initially resisted the motion (Doc. 28.) Over the course of several months, the parties have entered into stipulations that resolve virtually all of the pending issues, with the exceptions set forth below. For the following reasons, I respectfully recommend that the District Court enter an order granting the motion and adopting the parties' stipulations to effectuate the return of the seized property.

## I.   BACKGROUND

The Government seized property from Movant's residence in April of 2007 pursuant to a search warrant. (Doc. 3.) Movant was subsequently convicted of certain crimes in the Northern District of Illinois and is still serving his sentence. The seized property is stored in a United States Postal Inspection Service facility in Illinois. The Government initially resisted return of the seized property because Movant's post-conviction relief proceedings were not yet complete. Ultimately the parties entered into stipulations that resolve Mr. Tompkins's claims to the items in dispute and the

Government's concerns regarding retention of evidence in the event of further proceedings.

Upon receipt of the last of these stipulations (Doc. 50), I held a status conference by telephone on December 16, 2019 with Movant and the Government. The parties agreed that the Court need only resolve the remaining issues regarding (1) whether the Government needed to deliver the items back to Dubuque or just release them, and (2) the timing of the return. The parties also agreed the language of the stipulations was sufficient to permit the return or release as agreed such that the Court could simply incorporate those stipulations by reference. Movant stated he had designated his wife Julie Tompkins as his "Designee" and she is prepared to receive the items. Designee still resides at the residence where the items were seized. Movant consented to an order which would deem the items immediately forfeited and abandoned to the United States and permit their disposal if the Designee should refuse of fail to accept receipt of any of them. Finally, I confirmed that the parties agree that no further hearing, evidentiary or otherwise, is necessary to conclude this matter.

## II. RECOMMENDATIONS FOR THE COURT'S FINAL RULING

Based on the forgoing and the submissions of the parties, I respectfully recommend the Court enter an order:

1. Approving and incorporating the agreements of the parties as set out in Documents 41 and 50.
2. Ordering the Government to deliver, at Government expense, to the Designee's residence at 2067 Grant Street, Dubuque, Iowa all of the "agreed items" as that term is defined in the parties' Supplemental Stipulations and Partial Settlement Agreement. (Doc. 50-1 at 3 n. 1.) If the Court accepts this recommendation, Defendant or his Designee and the Government shall attempt to coordinate a mutually agreeable delivery date no sooner than 45 days after

entry of the Court's order and no later than 90 days after entry of such order. If the parties are unable to agree on a date, either party may apply for a status conference before me to select a date.

3. Directing that in the event Movant's designee should refuse or fail to accept receipt of any or all of the agreed items, at the time and location previously arranged between the designee and an agent of the United States, such item(s) shall immediately be deemed to have been forfeited and abandoned to the United States. Further, in such a circumstance, the Movant shall be considered as having given up and given away, any right, title, or interest in such agreed item(s), and the item(s) may immediately thereafter be disposed of or placed into use by the Government.

### III. CONCLUSION

I respectfully recommend that Movant John Tompkins's Motion for Return of Seized Property (Doc. 26) be **granted** subject to the foregoing terms.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** this 20th day of December, 2019.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa