# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

In The Matter Of The Search Of:

A residence located at 2067 Grant Street, Dubuque, Iowa 52002, more fully described as a one-story home with grey siding, light colored brick, adjacent curtilage, black shutters, an attached garage, as well as all vehicles and other structures located on the property.

No. 07-mj-90

**ORDER**

The matter before the court is United States Magistrate Judge Mark A. Roberts's Report and Recommendation (docket no. 53). The Report and Recommendation recommends that the court grant Movant John Tompkin's ("Movant") Motion for Return of Seized Property (docket no. 26) under the following terms: (1) Approving and incorporating the agreements of the parties as set forth in the "Stipulation and Partial Settlement Agreement" (docket no. 41) and "Supplemental Stipulations of the Parties" (docket no. 50); (2) ordering the government to deliver, at the government's expense, to the Movant's Designee at the residence at 2067 Grant Street, Dubuque, Iowa, all of the "agreed items" as that term is defined in the parties' "Supplemental Stipulations and Partial Settlement Agreement" (docket no. 50-1);[1] and (3) directing that in the event that

---

[1] The Movant's Designee must attempt to coordinate a mutually agreeable delivery date no sooner that 45 days after entry of this order and no later than 90 days after entry of this order. If the parties are unable to agree on a date, either party may apply for a status conference before Judge Roberts to select a date.

the Movant's Designee should refuse or fail to accept receipt of any or all of the agreed items, at the time and location previously arranged between the Movant's Designee and the agent of the government, such item(s) shall immediately be deemed to have been forfeited and abandoned to the government.[2]

On February 4, 2019, the Movant filed a pro se "Motion for the Return of Seized Property" (docket no. 26). On February 6, 2019, the matter was referred to Judge Roberts for issuance of a report and recommendation pursuant to U.S.C. § 636(b)(1)(B). *See* February 6, 2019 Order (docket no. 27). On December 20, 2019, Judge Roberts issued the Report and Recommendation. In the Report and Recommendation, Judge Roberts advised the parties that "[o]bjections to this Report and Recommendation . . . must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation." Report and Recommendation at 3. Objections to the Report and Recommendation were due by January 3, 2020. *See* docket no. 53. Neither party has filed objections to the Report and Recommendation, and the time for doing so has passed.

Pursuant to statute, the court applies the following standard of review to the report and recommendation of a magistrate judge:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for de novo review of a magistrate judge's report and recommendation on dispositive motions when objections are made. Fed. R. Civ. P. 72(b)(3). The Eighth Circuit Court of Appeals has held that it is reversible error for a district court to fail to conduct a de novo

---

[2] In such a circumstance, the Movant shall be considered as having given up and given away, any right, title or interest in such agreed upon item(s), and the item(s) may immediately thereafter be disposed of or placed into use by the government.

review of a magistrate judge's report and recommendation when such review is required. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (providing that "failure to engage in the required de novo review is reversible error").

The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendation for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

In this case, no objections have been filed, and it appears to the court upon review of Judge Roberts's findings and conclusions that there is no ground to reject or modify them. Therefore, the court **ACCEPTS** Judge Roberts's Report and Recommendation of December 20, 2019. Accordingly, the Report and Recommendation (docket no. 53) is **ADOPTED** and the Movant's Motion for Return of Seized Property (docket no. 26) is **GRANTED** under the terms set forth above and in the Report and Recommendation.

    **IT IS SO ORDERED**.

    **DATED** this 21st day of January, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA